(C.D. 4315)

MAX ECKARDT & SONS ET AL. *v.* UNITED STATES

Ports of New York, Baltimore, and Chicago, Court Nos. 67/5190, etc., on rubber and plastic products

(Dated December 29, 1971)

*Sharretts, Paley, Carter & Blauvelt* (*Charles P. Deem* of counsel) for the plaintiffs.

*L. Patrick Gray, III,* Assistant Attorney General, *Andrew P. Vance,* trial attorney), for the defendant.

RICHARDSON, Judge: Plaintiffs move under Rule 14.7 for an order suspending the actions enumerated in an attached Schedule pending the final determination of *F. B. Vandegrift & Co., Inc.* v. *United States,* protest 66/1426; and the motion is not opposed by the defendant. Plaintiffs' motion is disposed of as follows:

As to the actions enumerated in the attached Schedule identified with the prefix (A), the motion and the said actions are dismissed for prematurity by reason of the fact that in contravention of 19 U.S.C.A., section 1503(a) (section 503(a), Tariff Act of 1930, as amended by the Customs Simplification Act of 1953) liquidation of the subject entries was not made upon a *final appraised value,* and as such, is void, liquidation in each instance having taken place within 60 days of the date of the appraiser's report. See *United States* v. *Boston Paper Board Co.,* 23 CCPA 372, T.D. 48233 (1936), and other cases cited in Memorandum to Accompany Order in *Lamb-Weston, Inc.* v. *United States,* protest 69/38803, C.D. 4301, decided December 1, 1971. It is the duty of the regional commissioner of customs or the district director of customs, as the case may be, to liquidate the involved entries in the manner provided for by law so that plaintiffs may file a valid protest against said entries if they be so advised.

As to the actions enumerated in the said Schedule identified with the prefix (B), the motion is denied. The court's examination of the entry papers in *F. B. Vandegrift & Co., Inc.* v. *United States, supra,* discloses that both entries which are the subject of the protest underlying that action were likewise liquidated upon a value other than a *final appraised value* in contravention of section 1503(a), liquidation of each entry having also taken place within 60 days of the date of the appraiser's report, thus rendering the liquidation of said entries void. Since protest 66/1426 is premature by reason of the nullity of

the liquidations on which it is based, no valid actions may properly be suspended under said protest action.

### SCHEDULE OF ACTIONS

| Court No. | Title (Plaintiff v. U.S.) |
|---|---|
| (B) 67/5190 _____ | Max Eckardt & Sons |
| (B) 67/75358 _____ | |
| (A) 67/89552 _____ | |
| (B) 68/2437 _____ | |
| (B) 68/6298 _____ | |
| (A) 68/34645 _____ | |
| (A) 68/36950 _____ | |
| (A) 68/36951 _____ | |
| (B) 69/13716 _____ | |
| (A) 68/38479 _____ | Advance Imports Inc. |
| (A) 68/61822 _____ | Alex W. Block & Co. Inc. |
| (B) 67/49423 _____ | F.W. Woolworth |
| (B) 69/47320 _____ | |
| (B) 68/27790 _____ | Mirostar Products Inc. |
| (A) 69/6675 _____ | |
| (B) 67/85058 _____ | W.T. Grant Co. |
| (A) 68/25626 _____ | |